IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| WYSHANN RAYMOND GADDY, #1086322 | § | |
| | § | |
| V. | § | CIVIL ACTION NO. G-05-296 |
| | § | |
| DOUG DRETKE, DIRECTOR, | § | |
| TEXAS DEPARTMENT OF CRIMINAL | § | |
| JUSTICE-INSTITUTIONAL DIVISION | § | |

**REPORT AND RECOMMENDATION**

Before the Court is the Application of Wyshann R. Gaddy for the issuance of a Writ of Habeas Corpus. Petitioner challenges disciplinary case number 20050152949, in which he was punished with a suspension of contact visits for thirty days. The specificity with which Petitioner has pleaded his claim makes it unnecessary, in this Court's opinion, to order the records of the challenged disciplinary proceeding from the State Attorney General.

An application for writ of habeas corpus is the proper vehicle in which to protest a disciplinary proceeding that results in the loss of good time credits, which could conceivably lengthen an inmate's duration of confinement. *See Preiser v. Rodriguez*, 411 U.S. 475, 499 (1972). A brief and temporary loss of privileges, however, does not pose an atypical or significant hardship beyond the ordinary incidents of prison life. It merely constitutes a minimal and temporary change in conditions of confinement and does not, therefore, trigger the protections afforded by the Due Process Clause. *See Madison v. Parker,* 104 F.3d 765, 767-68 (5th Cir. 1997). In this case, Petitioner lost no good time, only a brief and temporary loss of privileges. As such, Petitioner's claims are not eligible for federal habeas relief and must be dismissed.

1

For the foregoing reasons, it is the **RECOMMENDATION** of this Court that the Petitioner's Application for Writ of Habeas Corpus be denied and this case be dismissed with prejudice.

The Clerk shall send a copy of this Report and Recommendation to the Petitioner by the means in place for transmission of same.  The Petitioner shall have until **July 13, 2005,** in which to have written objections **physically on file** in the Office of the Clerk. The objections shall be mailed to the Clerk's Office in Galveston, Texas 77553 at P.O. Drawer 2300. Any Objections filed shall be contained in a written document specifically entitled "Objections to the Report and Recommendation of the Magistrate Judge", which will then be forwarded to the District Judge for consideration. Failure to file written objections within the prescribed time shall bar an aggrieved party from attacking on appeal the proposed factual findings and legal conclusions accepted by the District Judge, except upon grounds of plain error.

**DONE** at Galveston, Texas, this ___22nd___ day of June, 2005

_____
John R. Froeschner
United States Magistrate Judge

2